By the Court.—Speir, J.
No order having been entered denying the motion for a new trial, and the only appeal taken being from the judgment entered on the verdict, the general term will not interfere with the disposition the jury has made of the facts. The judge properly instructed the jury that the burden of proof was upon the plaintiff, and that to entitle him to a verdict the evidence should preponderate in his favor, and when they should come to consider whether the plaintiff had such a preponderance of facts and circumstances as would be satisfactory to their minds, including the probabilities of the transaction, he should charge as he had been requested by the plaintiff’s counsel, and charged as follows: “ It is for you to determine whether the statement of Mr. Woodruff of Mr. Fitzpatrick’s telling him that Mr. Sinclair had advised him to buy these bonds is a material one, and if you so believe, then you are to consider, whether the failure of the defendant to call Mr. Sinclair as a witness, is not such a circumstance as would justify you, in consider *440 ing that if he were called, his testimony would not corroborate Mr. Woodruff on that point.” “I also further charge you that, if you believe Mr.. Sinclair, if called, would not corroborate Mr. Woodruff’s testimony in that particular, then you will be justified in taking a less favorable view of defendant’s testimony on that point.” “ And so, in considering this question, you are to remember that Mr. Sinclair was called as a witness on defendant’s behalf, on the former trial, to substantiate this point, and that there is no evidence that Mr. Sinclair is not within the jurisdiction of this court and not within the call of its subpoena.” The defendant’s counsel duly excepted to each of the foregoing paragraphs of the charge. On the cross-examination of the defendant the plaintiff’s counsel asked him this question : “Did he (Sinclair) testify on that trial that he had advised Mr. Fitzpatrick to go and purchase these bonds?” The defendant answered, “He said he did not remember.”
By the rule which imposes upon a litigant the obligation which will contradict or explain circumstantial evidence against him, it must appear that there is evidence which would explain or elucidate the matter in dispute, and that it is peculiarly within the knowledge of the party called upon to produce it. How otherwise can it be said that any presumption whatever can be raised against him ? The charge must have been made upon the supposition that the defendant knew that Sinclair was possessed of facts or circumstances which, if he had been called and put on the stand, would not corroborate the defendant, and that the defendant knew what the facts and circumstances were. How the plaintiff had shown by the defendant on cross-examination, under objection by defendant’s counsel, on the point in question that Sinclair said on this former trial that he did not remember' ■that he had advised the plaintiff to go and purchase *441 these bonds. The omission to call a witness who has no other or better knowledge of the matter in dispute than those who are produced and give evidence, is not suspicious entitling the adverse party to any presumption to his prejudice. The plaintiff having proved by the defendant that Sinclair on the former trial had said that he did not remember that he had advised the plaintiff to buy these bonds, no foundation was laid as .to the materiality of the question ; and the' jury could only be misled. It is true the defendant had testified on his direct examination that Fitzpatrick had told him before the former trial, that Sinclair had advised him to purchase those bonds, but upon Sinclair’s examination he said he did not remember. If the question was found by the jury to be a material one, as they were instructed they might, and ■ the defendant failing to call the witness, they might readily believe- that had he been called, his evidence would have been prejudicial to the defendant, although it had been shown by the plaintiff that the witness could give no evidence one way or the other. For this error in the charge the judgment must be reversed and a new trial granted, with costs to abide the event.
Sedgwick, Ch. J., concurred.